# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 6:14-CR-00203-04** |
| **VERSUS** | **JUDGE DRELL** |
| **KO CHANHKONGSHINH (04)** | **MAGISTRATE JUDGE HANNA** |

## REPORT AND RECOMMENDATION

Before the court is the Motion to Vacate Sentence filed by petitioner, Ko Chanhkongshinh, pursuant to 28 U.S.C. § 2255. [Rec. Doc. 523]. This matter was referred to the undersigned Magistrate Judge for review, report, and recommendation.

## FACTUAL BACKGROUND

The record reveals that Ko Chanhkongshinh and thirteen co-defendants were charged in a twenty-count indictment. Chanhkongshinh was charged in Count One with Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine and Count Ten with Use of a Communication Facility in Causing or Facilitating a Drug Trafficking Crime.

On July 23, 2015, he pleaded guilty to Count One of the indictment as part of a plea agreement with the Government. In the factual basis for the guilty plea, the defendant admitted that he was supplied crystal methamphetamine, on a regular

basis, which he sold to third-parties and then used the money he received to purchase more crystal methamphetamine from his co-conspirators. The defendant further admitted that he was in possession of approximately one ounce of methamphetamine and three firearms at the time of his arrest. [Rec. Doc. 307-2, p. 1]

A pre-sentencing investigation report was issued and the defendant filed an objection that raised two substantive objections. [Rec. Doc. 456]  First, the defendant objected to the facts surrounding the items that were located in the residence and the alleged individuals that resided in the residence. The defendant argued that the pre-sentence investigation report consisted of facts that were not in the stipulated factual basis for the guilty plea, including that a digital scale or other drug paraphernalia was located in the residence, three children resided in the residence and the specific location of one of the firearms because the location remained in dispute between the parties. *Id*. at 1. Second, the defendant objected to the finding that he was not a minor participant in the overall conspiracy and sought to reduce his offense level by two levels. *Id*. at 2.

On January 14, 2016, he was sentenced to 75 months imprisonment and three years supervised release. [Rec. Doc. 443]  Chanhkongshinh did not directly appeal his conviction and sentence. On October 23, 2017, he filed a Motion for New Trial pursuant to Federal Rule of Criminal Procedure 33 [Rec. Doc. 506], which was construed as a Motion to Modify Sentence, and denied on January 30, 2018.

The Motion to Vacate[1] presently before this Court was filed on May 25, 2018, pursuant to which petitioner asserts newly discovered evidence in the form of Drug Enforcement Agency Task Force Officer Jason Comeaux's March 3, 2016 conviction on one count of deprivation of rights, one count of conspiracy and one count of obstruction of justice in connection with his employment with the Iberia Parish Sheriff's Office.

On November 18, 2014, pursuant to an arrest warrant, the defendant was arrested by Special Agent Milton Milford. [Rec. Doc. 63] The warrant indicates that Jason Comeaux was the investigative agent and the factual basis for the defendant's guilty plea and that more than one agent was present at the time of his arrest. Therefore, while he was not the arresting officer that signed the warrant, the Court will assume for the purpose of this motion that Comeaux was one of the agents present.

On March 7, 2016, Comeaux pleaded guilty to Civil Rights Conspiracy, Deprivation of Rights Under Color of Law, and Conspiracy to Obstruct.[2] In the factual basis for the guilty plea, Comeaux admitted that he and other Iberia Parish Sheriff Office employees conspired to assault a pre-trial detainee at the Iberia Parish Jail on April 29, 2011.[3] Comeaux further admitted that he and other Iberia Parish

---

[1] The instant motion was styled as "Successive Motion Under 28 U.S.C. §2255. However, as defendant has not filed a previous §2255 motion, this is his initial request for collateral review.
[2] *See* 16-CR-0045, Rec. Doc. 3.
[3] *Id*. at Rec. Doc. 5-2.

Sheriff Office employees then fabricated testimony in order to cover-up the assault and to prevent further investigation.[4] Consequently, Comeaux was sentenced to 40-months of imprisonment and two years of supervised release.[5]

Chanhkongshinh argues in the instant motion that the Presentence Investigation Report and his resulting sentence are fatally flawed to the extent that they relied on Comeaux's statements and reports to impose a two-level enhancement for possession of a dangerous weapon, pursuant to U.S.S.G. § 2D1.1(b)(1), while failing to award him a two-point reduction for being a minor participant, pursuant to U.S.S.G. §3B1.2. Chanhkongshinh contends that Comeaux's conviction calls into question the investigative reports Comeaux prepared and credibility as a whole, and he asks that this Court find that the criminal proceedings against him were prejudiced.

## LAW AND ANALYSIS

Defendant's motion is untimely and, therefore, should be dismissed. Title 28 U.S.C. § 2255 provides a one-year statute of limitations for the filing of motions pursuant to § 2255. This limitation period generally runs from the date that the conviction becomes final. 28 U.S.C. § 2255(f)(1). Petitioner's conviction became final on February 1, 2016, ten days (excluding holidays and weekends) after

---

[4] *Id.*
[5] *Id.* at Rec. Doc. 18.

4

petitioner's judgment of conviction was entered on this Court's docket. *See United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008). Petitioner therefore had one year, or until February 1, 2017 to file his § 2255 Motion in this Court. The instant Motion was not filed until May 25, 2018. Thus, it is clear that petitioner's claims cannot be considered under the period established by 28 U.S.C. § 2255(f)(1). Rather, petitioner must rely on one of three statutory exceptions to the general rule which can, in appropriate cases, extend the time for filing a § 2255 motion beyond the one-year period after final conviction. *See* 28 U.S.C. § 2255(f)(2)(3) and (4).

Petitioner does not claim that the Government created an impediment to filing his motion or that the Supreme Court recognized a new right made retroactively applicable to cases on collateral review. Thus, subsections (2) and (3) are inapplicable.

While not specifically invoking § 2255(f)(4), which provides that the federal one-year limitation period begin to run from "the date on which the facts supporting the claim . . . could have been discovered through the exercise of due diligence," petitioner appears to rely on this provision in arguing for the Court to extend the time for filing his motion. The Court is unpersuaded by petitioner's attempt, as Comeaux pleaded guilty on March 3, 2016, over two (2) years prior to the filing of the instant petition. Petitioner puts forth no argument as to why he waited two years after Comeaux's guilty plea to file this motion. He does not allege that he did not discover

5

the plea more than one year after the fact. Regardless, the Court could not be convinced that this event could not have been discovered through the exercise of due diligence by May 25, 2017 (over 1 year after it occurred), which would have made the instant petition timely. As the Government points out, even assuming the Petitioner did not monitor the progress of Comeaux's case through the Court's online information system, the U.S. Attorney's Office for the Western District of Louisiana announced his guilty plea in a press release the day after it was entered, and that release was posted on the district's website.[6] Moreover, as Comeaux's plea was part of a larger investigation involving multiple local law enforcement officers, his case garnered substantial media attention, both on local television and radio new outlets, and in print newspapers.[7] *See e.g., Rivas v. Fischer*, 687 F.3d 514, 536 (2d. Cir. 2012) (for purposes of determining whether a § 2244 claim was timely under an equivalent statutory tolling provision in that habeas statute, relying on the fact that newspaper publicity would have allowed the petitioner to discover relevant facts through the exercise of due diligence); *United States v. Osmanson*, 2014 WL 5587009 at *7-9 (D. Vt. 2014) (holding that the date of press coverage accessible to

---

[6] See https://www.justice.gov/usao-wdla/pr/sheriff-and-lieutenant-colonel-new-iberialouisiana-charged-conspiracy-assault-inmates(link valid August 13, 2018).

[7] See, e.g., https://www.theadvocate.com/acadiana/news/crime_police/article_a3af6773-2f37-5809-affe-823203516a18.html (from a major regional newspaper); https://www.iberianet.com/news/two-more-guilty-pleas/article_55a566c6-e60f-11e5-81fd63aa49f3f742.html (from the newspaper in the city where Comeaux served as a deputy); http://www.katc.com/story/31417349/two-more-iberia-deputies-plead-guilty-to-civil-rightsviolations (from a local television station); and http://kpel965.com/two-more-iberia-parishdeputies-plead-guilty-civil-rights-violations/ (from a local radio station) (all links valid August 13, 2018). *See also* Exhibit A to Government's Opposition, Rec. Doc. 528.

an incarcerated prisoner could serve as a starting point for a § 2255(f)(4), petitioner is not entitled to the benefit of the statutory exception to the one-year limitation period set forth in § 2255(f)(4) analysis because he could have discovered those stories "with only minimal due diligence").

Moreover, petitioner is not entitled to equitable tolling. The Fifth Circuit has held that the statute of limitations in § 2255 may be equitably tolled in "rare and exceptional circumstances." *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) *quoting Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). However, a litigant is entitled to equitable tolling only if he establishes: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 755 (2016) (*quoting Holland v. Florida*, 560 U.S. 631, 649, (2010)). The record does not support equitable tolling of the statute of limitations in the instant case. Chanhkongshinh alleges no extraordinary circumstances so as to provide a basis for equitable tolling. Moreover, even if did, he has not shown that he pursued his rights diligently, or that any alleged extraordinary circumstances prevented him from timely filing his claims.

For the foregoing reasons, the undersigned finds that Ko Chanhkongshinh's §2255 Motion to Vacate, Set Aside or Correct Sentence should be denied and dismissed because petitioner's claims are barred by the one-year limitation period.

Accordingly, IT **IS RECOMMENDED** that Ko Chanhkongshinh's Motion to Correct Illegal Sentence filed pursuant to Title 28 U.S.C. § 2255 be DENIED AND DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be

taken to the court of appeals.  Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. See 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

      THUS DONE in Chambers on this 20th day of August, 2018.

_____

**Patrick J. Hanna**
**United States Magistrate Judge**